UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE GREEN,

    Plaintiff,

v.   Case No: 8:23-cv-1067-CEH-JSS

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    Defendant.

_____

## ORDER

This cause comes before the Court *sua sponte*. In this employment action, Plaintiff Darlene Green, alleges that Defendant United Services Automobile Association (Tampa) violated Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. For the reasons articulated below, Plaintiff's complaint constitutes a shotgun pleading. Therefore, the Court will dismiss the complaint and grant Plaintiff leave to file an amended complaint.

## DISCUSSION

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v.*

*Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").  The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321.  Relevant here, "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes one of these four recognized types of shotgun pleadings. *Id.*  Further, a complaint that fails to separate "into a different count each cause of action or claim for relief" constitutes another one of these four general types of shotgun pleadings. *Id.* at 1322–33.

When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).  Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted).  Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading.

Here, the complaint is the first type of shotgun pleading. Counts II, III, and IV incorporate all prior paragraphs in the complaint, rendering the final count a combination of the entire complaint. Doc. 1 ¶¶ 78, 84, 87. Because the causes of action alleged are an amalgamation of different counts and claims, the complaint fails to articulate its claims with sufficient clarity and constitutes a shotgun pleading.

The Court will dismiss the complaint and grant Plaintiff leave to file an amended complaint which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff must avoid shotgun pleading pitfalls and comply with applicable pleading requirements.

Accordingly, it is **ORDERED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this order, which must correct the deficiencies discussed herein. **Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on May 16, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties