UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE GREEN,

    Plaintiff,

v.	Case No: 8:23-cv-1067-CEH-UAM

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    Defendant.

## ORDER

This matter comes before the Court on Plaintiff Darlene Green's "Request for Waiver of Service and/or Motion to Enlarge Time to Serve Defendant" (Doc. 16). Upon review, the Court will grant Plaintiff a final opportunity to properly serve Defendant United Services Automobile Association.

## DISCUSSION

Plaintiff filed the Complaint on May 23, 2023. Doc. 1.  On January 10, 2024, the Court directed Plaintiff to show cause as to why the action should not be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m), which requires service within 90 days. Doc. 9.  In response, Plaintiff explained that the parties were participating in an alternative dispute resolution program, which culminated in an unsuccessful mediation in December 2023. Doc. 10.  Plaintiff requested additional time to effect service considering those efforts. *Id.*

On February 23, 2024, Defendant filed a Motion to Dismiss, which asked the Court to compel arbitration or dismiss the action based on improper service of process. Doc. 11. Plaintiff did not file a response in opposition to the motion, despite the Court's March 29, 2024 Order directing her to do so by April 12, 2024. Doc. 17. However, on March 25, 2024, she filed the "Request for Waiver of Service and/or Motion to Enlarge Time to Serve Defendant." Doc. 16.[1] This document explains that her attempts to effect personal service have been unsuccessful,[2] and she asks the Court to grant a waiver of service against Defendant or extend her time for service. *Id.*

Plaintiff's request that the Court grant a waiver of service is due to be denied because, under Federal Rule of Civil Procedure 4(d), such a request must be made upon a defendant rather than the Court. Fed. R. Civ. P. 4(d)(1).

However, the Court will grant one additional extension of the time within which to effect service. Plaintiff must file proof of service on or before May 22, 2024. She is cautioned that the failure to file proof of service or seek other appropriate relief from this Court by this date will result in the action being dismissed, without prejudice and without further notice.

---

[1] Although Plaintiff filed the document in apparent response to the Motion to Dismiss, *see* Doc. 16 ¶ 14, she did not address Defendant's arguments regarding arbitration.

[2] Plaintiff asserts that she has made numerous attempts to serve Defendant at various locations. The exhibits to the motion are not sufficient to establish that Defendant is evading service. However, Defendant is cautioned that actual notice of a suit may be sufficient to confer jurisdiction where evidence demonstrates that a party has intentionally evaded service. *See, e.g., Lancaster v. Bottle Club, LLC*, No. 8:17-cv-634, 2017 WL 4922855, *2 (M.D. Fla. Oct. 31, 2017) (Covington, J.) (denying motion to quash service and directing answer to complaint).

Accordingly, it is **ORDERED**:

1. Plaintiff Darlene Green's "Request for Waiver of Service and/or Motion to Enlarge Time to Serve Defendant" (Doc. 16) is GRANTED-IN-PART and DENIED-IN-PART.  The motion is granted to the extent that Plaintiff's time to effect service is extended, and is otherwise denied.

2. Plaintiff must file proof of service on or before May 22, 2024.  Plaintiff is cautioned that the failure to file proof of service or seek other appropriate relief from this Court by this date will result in the action being dismissed, without prejudice and without further notice.

**DONE** and **ORDERED** in Tampa, Florida on April 23, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

3