**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DARLENE GREEN,

     Plaintiff,

v.                            Case No: 8:23-cv-1067-CEH-UAM

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

     Defendant.

_____

## ORDER

This cause comes before the Court on Defendant United Services Automobile Association's Motion to Dismiss (Doc. 11).  In the motion, Defendant asks to dismiss this employment discrimination action based on improper venue and to compel arbitration.  Defendant also moves to dismiss for insufficient service of process.

Upon review and consideration, and being fully advised in the premises, the Court will grant the motion to the extent that it will compel arbitration and stay this action.  The motion will otherwise be denied.

### I.    Service of Process

Defendant moves to dismiss this action based on insufficient service of process. Doc. 11 at 9-11.  Defendant argues that Plaintiff has not perfected proper service on it, despite multiple attempts that did not comply with the relevant statutes. *Id.*  Because a federal court does not have personal jurisdiction over a defendant unless it has been properly served, Defendant argues that the Court must dismiss the action. *Id.*; *see, e.g.,*

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims, because a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings).

Plaintiff concedes that she was delayed in effecting proper service in this action. *See* Doc. 16. In response to the Court's January 10, 2024 Order directing her to show cause as to why the action should not be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m), she explained that the parties had been participating in an alternative dispute resolution program in the months since she initiated this action, and that they unsuccessfully mediated in December 2023. Doc. 10. After Defendant moved to dismiss, Plaintiff indicated that she had been unable to effect personal service since the January 10 Order despite attempts to do so, and requested additional time. Doc. 16. The Court granted Plaintiff's request to extend the deadline to effect service and directed her to file proof of service by May 22, 2024. Doc. 18.

On May 20, 2024, Plaintiff timely filed a Notice of Service of Process confirming that the Chief Financial Officer of the State of Florida accepted service of process on Defendant's behalf through its online portal on May 7, 2024. Doc. 23; *see* Fla. Stat. §§ 624.422(1) ("Each licensed insurer, whether domestic, foreign, or alien, shall be deemed to have appointed the Chief Financial Officer…as its agent to receive service of all legal process issued against it in any civil action or proceeding in this state; and process so served shall be valid and binding upon the insurer."), (3) ("Service

of process submitted through the department's secure online portal upon the Chief Financial Officer as the insurer's agent…shall be the sole method of service of process upon an authorized domestic, foreign, or alien insurer in this state.").[1]  Because Defendant has now been properly served in accordance with this Court's April 23, 2024 Order, *see* Doc. 16, state law, and Federal Rule of Civil Procedure 4, the motion to dismiss for insufficient service of process is due to be denied.

## II.   <u>Arbitration</u>

Defendant also moves to dismiss the action for improper venue and to compel arbitration. Doc. 11 at 4-9.  Plaintiff has not responded to the aspect of Defendant's motion that seeks to compel arbitration. *See* Doc. 17 (directing response); Doc. 16 (responding to the motion to dismiss based on insufficient service only).  As such, the motion to compel arbitration is considered unopposed. M.D. Fla. Local Rule 3.01(c).

Defendant argues that a binding arbitration agreement exists between the parties pursuant to its employee dispute resolution program, called Dialogue. Doc. 11 at 7-9.  Defendant attaches the Dialogue Program Description and related materials. Doc. 11-4.  An "Acknowledgment & Agreement" section, dated August 19, 2007, states:

> I agree to be bound by the terms and provisions of Dialogue.  I understand that any dispute covered by Dialogue that cannot be resolved by mutual agreement, and which involves a legally

---

[1] *See* Fed. R. Civ. P. 4(h)(1) (a corporation may be served in the manner prescribed by Rule 4(e)(1) for serving an individual) and 4(e)(1) (an individual may be served by following state law). Although Defendant cites Florida Statutes § 48.081 for its rules governing service on corporations, Doc. 11 at 10, section 48.081(7) states that it does not apply to service of process on insurance companies.  Service on insurance companies is governed by Fla. Stat. § 624.422.

> protected right, must be submitted to final and binding arbitration instead of to the court system.  This includes disputes relating to my employment and any termination of my employment…and includes claims arising under federal and state law such as discrimination and retaliation.  I understand that this means that USAA and I are waiving any right we may have to bring a lawsuit in court and to a jury trial concerning any dispute covered by the Program.

Doc. 11-2 at 1.  The Dialogue Program Description also states that "[e]mployment or continued employment after the Effective Date of Dialogue constitutes consent by both the Employee and the Company to be bound by Dialogue, both during employment and after termination of employment." Doc. 11-1 at 2.  The original effective date was August 2, 2004, with an amendment effective on October 10, 2007. *Id.* at 7.

Arbitration agreements are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  The FAA provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA reflects a strong federal policy toward resolving disputed arbitrable issues through arbitration; indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the language itself or an allegation of waiver, delay, or a likely defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-WFJ-JSS, 2019 WL 5887179, at *1 (M.D. Fla. Nov. 12, 2019) (stating that "[a] strong policy exists in favor of resolving disputes by arbitration").

The presumption in favor of arbitration does not apply to the threshold question of whether an agreement to arbitrate was made. *See Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1116 (11th Cir. 2014). This question is decided under state contract law. *First Options of Chicago, Inc. v. Kaplan*, 415 U.S. 938, 945 (1995). As evidence that Plaintiff entered into the arbitration agreement, Defendant cites the "Acknowledgment & Agreement" section and asserts that Plaintiff accepted the terms "via her electronic signature on September 19, 2007." Doc. 11 at 7, citing Doc. 11-2. But Plaintiff's electronic signature does not appear on that document. Instead, the Court finds that Plaintiff's continued employment with Defendant evinced her agreement to participate in Dialogue. *See* Doc. 11-1 at 2, 7 (stating that continued employment after the effective date in 2004 or 2007 constitutes consent to be bound by Dialogue); Doc. 7 ¶ 21 (alleging Plaintiff was employed by Defendant for 25 years beginning in 1997); *see also, e.g.*, *BDO Seidman, LLP v. Bee*, 970 So.2d 869, 875 (Fla. 4th DCA 2007) (employee's continued employment evinced his acquiescence to the terms of agreement that included arbitration provision). Accordingly, Plaintiff entered into an arbitration agreement.

Once the parties have entered into an arbitration agreement, the party seeking to evade arbitration bears the burden of showing that it is invalid or otherwise unenforceable. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000). Plaintiff has not filed a response in opposition to Defendant's motion to compel arbitration nor offered any basis to overcome the presumption that the agreement is valid and enforceable. On the contrary, it appears she has already participated in

Dialogue's mediation component. *See* Doc. 10; Doc. 11-5. Moreover, her employment discrimination and retaliation claims fall within the express scope of the agreement. *See* Doc. 11-2; Doc. 11-1 at 3-4. The Court therefore agrees with Defendant that it must compel arbitration.

Although Defendant asks the Court for dismissal, Doc. 11 at 4-5, the Court must instead stay the action pending arbitration. *See* 9 U.S.C. § 3; *Bender v. A.G. Edwards & Sons*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding is referable to arbitration") (internal quotations omitted).

Accordingly, it is **ORDERED**:

1. Defendant United Services Automobile Association's Motion to Dismiss (Doc. 11) is GRANTED-IN-PART and DENIED-IN-PART. The motion is granted to the extent that Plaintiff Darlene Green is compelled to arbitrate her claims against Defendant. The motion is otherwise denied.

2. Plaintiff's claims against Defendant United Services Automobile Association are STAYED pending arbitration. The parties may file a motion to lift the stay, if necessary, once the arbitration proceedings have concluded.

3.  The Clerk is directed to terminate any pending motions and deadlines and administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties