**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DARLENE GREEN,

Plaintiff,

v. Case No: 8:23-cv-1067-CEH-UAM

UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA TAMPA),

Defendant.

---

**ORDER**

This matter comes before the Court on Defendant United Services Automobile Association's Motion to Lift Stay and Dismiss Lawsuit with Prejudice (Doc. 30), Plaintiff's Motion to Strike or in Opposition of Defendant's Motion to Dismiss and Arbitration Award (Doc. 40), Defendant's Reply (Doc. 43), Plaintiff's Memorandum of Law in Support of Plaintiff's Amended Motion to Lift Stay, Vacate Arbitration Award and Final Order (Doc. 41), and Defendant's Response (Doc. 42). Defendant United Services Automobile Association ("Defendant USAA") requests that the Court lift the stay and dismiss the case with prejudice because the Arbitrator granted its motion for summary judgment and dismissed Plaintiff's claims with prejudice. Docs. 30, 43. Plaintiff Darlene Green requests that the Court lift the stay and vacate the arbitral award due to alleged procedural violations that occurred during the arbitration. Docs. 40, 41. The Court, having considered the motions and being fully advised in the premises, will deny Plaintiff's Amended Motion to Lift Stay, Vacate

Arbitration Award and Final Award (Doc. 41) and grant Defendant's Motion to Lift Stay and Dismiss Lawsuit with Prejudice (Doc. 30).

## I. BACKGROUND

On May 26, 2023, Plaintiff Darlene Green ("Ms. Green") filed the Amended Complaint alleging Defendant United Services Automobile Association ("Defendant USSA") discriminated and retaliated against her in violation of Title VII. Doc. 7. Defendant USAA moved to compel arbitration. Docs. 11, 24. On May 24, 2024, this Court compelled the parties to arbitration and stayed litigation. Doc. 25. On May 28, 2025, at the direction of this Court, the parties filed a Joint Status Report. Doc. 28. The Joint Status Report indicated that Arbitrator Robyn S. Hankins had issued a Report of Preliminary Hearing and Scheduling Order ("Scheduling Order"), and the parties were engaging in discovery. *Id.*

The Scheduling Order mandated that discovery be served in time for responses to be due prior to the cutoff date. Doc. 43-1 ¶ 5; *See also* Doc. 46-3. The cutoff date for discovery was July 18, 2025. Doc. 43-1 ¶ 5. However, on July 18, 2025, Ms. Green filed her First Set of Interrogatories (Doc. 47-1), a Request to Produce (Doc. 47-2), and a Request for Admissions (Doc. 47-3). *See also* Doc. 46-1; Doc. 46-3. Defendant USAA filed a motion for a protective order to bar Ms. Green's dilatory discovery. Doc. 46-2. The Arbitrator allowed Ms. Green the opportunity to respond to Defendant USAA's motion for protective order, but Ms. Green failed to do so. *See* Doc. 46-3. On August

8, 2025, the Arbitrator granted Defendant USAA's Motion for Protective Order barring Ms. Green's untimely discovery. Doc. 46-3.

On August 20, 2025, Defendant USAA filed a motion for summary judgment, to which Ms. Green filed an opposition on September 15, 2025. Doc. 41 at 6-7; Doc. 42 ¶ 12. On October 10, 2025, the Arbitrator granted summary judgment in favor of Defendant USAA and dismissed all claims with prejudice. *See* Doc. 30 para 5; Doc. 40 at 3.

On November 4, 2025, Defendant USAA filed, in this Court, a motion to lift the stay and dismiss the lawsuit because the Arbitrator had dismissed with prejudice Ms. Green's claims. Doc. 30. Ms. Green opposes the motion and, instead, moves to lift the stay and vacate the arbitral award due to alleged procedural violations. Docs. 40, 41.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") presumes arbitration awards will be confirmed and mandates that federal courts should defer to an arbitrator's decision when possible. 9 U.S.C. § 9; *B.L. Harbert Int'l, LLC v. Hercules Steel Co.,* 441 F.3d 905, 909 (11th Cir. 2006); *Frazier v. CitiFinancial Corp.,* LLC, 604 F.3d 1313, 1321 (11th Cir. 2010). Section 10 the FAA sets out only four narrow bases for vacating an award:

1) where the award was procured by corruption, fraud, or undue means;
2) where there was evident partiality or corruption in the arbitrators, or either of them;

> 3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> 4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. 10(a); *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

The burden is on the party requesting vacatur of the award to prove the existence of one of the four bases. *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1289 (11th Cir. 2002). Parties that submit to arbitration are entitled to a fair arbitration proceeding, not a perfect one. *CM South East Texas Houston, LLC v. CareMinders Home Care, Inc.*, 662 Fed.Appx. 701, 705 (11th Cir. 2016). Moreover, arbitrators are not required to follow all the niceties observed by the federal courts. *Id.* (quoting *Rosensweig v. Morgan Stanley Co., Inc.*, 494 F.3d 1328, 133 (11th Cir. 2007)).

## III. DISCUSSION

Ms. Green's argument is twofold. First, she argues Defendant USAA's motion to dismiss is premature because a motion to vacate the arbitration award is pending before the Court. Doc. 40 at 4. Second, Ms. Green contends the motion to dismiss should be stricken because the Arbitrator committed misconduct under 9 U.S.C. 10(a)(3) by refusing to hear evidence pertinent and material to the controversy and engaging in misbehavior that prejudiced her rights. Doc. 40 at 4-5. Specifically, Ms.

Green contends the Arbitrator deprived her of a fair hearing by eliminating all discovery and entering summary judgment against her. *Id.* at 5-6.

As to Ms. Green's first argument, Defendant USAA concedes the Court must first rule on the motion to vacate the arbitration award before it can consider the motion to dismiss. Doc. 43 at 1-2. Regarding the second argument, Defendant USAA submits multiple defenses against striking its motion to dismiss. First, Defendant USAA argues that Ms. Green's request for the Court to "strike" the motion to dismiss is a procedurally improper request. Doc. 43 at 5. Next, Defendant USAA contends Ms. Green, under her own volition and lack of diligence, failed to engage in discovery for eight months. *Id.* at 2, 6. Finally, Defendant USAA argues the Arbitrator did not act improperly by granting summary judgment. *Id.* at 6-7.

Because Defendant USAA concedes that the motion to vacate must be decided first, the Court will now turn to whether vacatur of the arbitration award is appropriate under 9 U.S.C. § 10(a)(3).

**A. Plaintiff's Motion to Vacate Arbitration Award**

Arbitrators enjoy wide latitude in conducting an arbitration hearing, and they are not constrained by formal rules of procedure or evidence. *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1333 (11th Cir. 2007) (quoting *Robbins v. Day*, 954 F.2d 679, 685 (11th Cir.1992), overruled on other grounds, *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 948 (1995)). A federal court may vacate an arbitrator's award

only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings. *Rosensweig*, 494 F.3d at 1333; *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1301 (11th Cir. 2015). If the arbitration proceeding was fair, vacatur is not appropriate. *See CM S. E. Texas Houston, LLC v. CareMinders Home Care, Inc.,* 662 F. App'x 701, 706 (11th Cir. 2016) ("Because Defendant got a fair proceeding, we will not vacate the arbitrator's award.") (quotation modified).

Protective Order

In the present case, the Arbitrator granted Defendant USAA's Motion for Protective Order because Ms. Green did not comply with the Scheduling Order. *See* Doc. 46-3.

Ms. Green submits "The American Arbitration Association Management Conference Guide," to support her claim that there was no requirement that discovery be filed by a certain date. Doc. 47 at 6; Doc. 47-4. However, Ms. Green's argument and the concomitant evidence is misplaced. The document on which Ms. Green relies to argue that her discovery was timely is not an enforceable order, but instead, is a guide. First, the document has the descriptive word, "guide" in its title (i.e., "The American Arbitration Association Management Conference ***Guide***"). Doc. 47-4 (emphasis added). Second, the document specifies in bold typeface at the top of the first page, "We provide this worksheet only as a guide. The Parties or the Arbitrator…are not precluded from adding items or amending them as they deem

appropriate." *Id.* at 1 (quotation modified). And, third, the Arbitrator did not sign the document. *Id.* at 4.

By comparison, the Scheduling Order proffered by Defendant USAA is aptly titled, "Report of Preliminary Hearing and Scheduling ***Order***." Doc. 43-1 (emphasis added). Also, the Scheduling Order explicitly outlines that the order was entered, "By agreement of the Parties, or order of the Arbitrator." Doc. 43-1 at 1. And, finally, the Arbitrator signed the Scheduling Order. *Id.* at 7. All of the above militates in favor of the Scheduling Order as the authoritative document that set the arbitration deadlines. *Compare* Doc. 43-1 *with* Doc. 47-4.

In turn, the Scheduling Order mandates that all discovery must be completed by July 18, 2025, and it further specifies that written discovery "must be served in time for responses to be due prior to the cutoff date." Doc. 43-1 ¶ 5. Nevertheless, on July 18, 2025, Ms. Green filed her First Set of Interrogatories (Doc. 47-1), a Request to Produce (Doc. 47-2), and a Request for Admissions (Doc. 47-3). Therefore, Ms. Green violated the Scheduling Order because she did not serve the discovery in question in time for the responses to be due before the cutoff date. Further, the Arbitrator allowed Ms. Green the opportunity to respond to Defendant USAA's motion for protective order to address the dilatory discovery, but Ms. Green failed to do so. *See* Doc. 46-3. Hence, the Arbitrator did not engage in misconduct by entering the protective order. Instead, as a result of Plaintiff's conduct, the Arbitrator granted Defendant USAA's

motion for a protective order and imposed an appropriate remedy that quashed Plaintiff's untimely discovery.

Summary Judgment

Plaintiff also argues the Arbitrator prejudiced Plaintiff's rights by prematurely entering summary judgment without a hearing. Doc. 41 at 15-20.

"The FAA permits arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues. The arbitrator need only give each party *the opportunity* to present its arguments and evidence." *Scott v. Prudential Sec., Inc.,* 141 F.3d 1007, 1017 (11th Cir. 1998), abrogated on other grounds by *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).

Here, both parties had the opportunity to present argument and evidence. In fact, Ms. Green concedes that she presented argument and cited to record evidence opposing Defendant USAA's motion for summary judgment. Doc. 41 at 6-7. Ms. Green contends that if the Arbitrator had not entered the protective order, then she would have been able to submit better evidence with her opposition to Defendant USAA's motion for summary judgment. *Id.* Arbitration proceedings must be fair, not perfect. *See CM South East Texas Houston, LLC v. CareMinders Home Care, Inc.,* 662 Fed.Appx. 701, 705 (11th Cir. 2016). Further, as detailed *supra*, Ms. Green's own conduct—namely, her failure to abide by the discovery deadline—caused her desired discovery to be squashed.  Once the discovery deadline passed, discovery was

complete. Therefore, the Arbitrator was well within her authority to decide whether, based on the parties' arguments and submitted evidence, summary judgment was appropriate.

In conclusion, the arbitration proceeding was fair. The Arbitrator did not commit misconduct and did not deprive Ms. Green of her rights. Ms. Green has failed to show grounds for vacatur under 9 U.S.C. §10(a)(3).

The Court will now consider Defendant USAA's Motion to Lift Stay and Dismiss Lawsuit with Prejudice. Doc. 30.

**B. Defendant USAA's Motion to Dismiss**

Defendant USAA moves to dismiss Ms. Green's claims because after this Court compelled Plaintiff to arbitration (Doc. 25), the Arbitrator entered an order granting Defendant USAA's motion for summary judgment and dismissed the claims with prejudice. Doc. 30. Ms. Green responds that Defendant USAA's motion to dismiss should be stricken because the arbitration award was obtained via a procedurally unfair arbitration that denied her the opportunity to present her claims. Doc. 40.

"The Federal Arbitration Act provides in relevant part, 'if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration,' then a United States court in the district in which the award was made has the authority to confirm the award." *Booth v. Hume Pub., Inc.,*

902 F.2d 925, 929-930 (11th Cir. 1990) (citing 9 U.S.C. § 9) (quotation modified). Here, the parties' agreement contains such a provision. *See* Doc. 24-1 ¶ 29.

The FAA imposes a heavy presumption in favor of confirming arbitration awards. *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1288-89 (11th Cir. 2002) (citation omitted). Therefore, the district court's confirmation is "usually routine or summary." *Id.* A district court may decide a motion to vacate or confirm an arbitral award on the papers without oral testimony. *Booth*, 902 F.2d at 932. The grounds to refuse to confirm an award are limited to those set forth in sections 10 and 11 of the FAA. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 584 (2008). The FAA requires a party to seek confirmation of an arbitration award in an appropriate court within one year after the award was made. 9 U.S.C. § 9; *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 U.S. 193, 195 (2000).

Here, the Arbitrator granted summary judgment and dismissed all claims with prejudice on October 10, 2025. *See* Doc. 30 ¶ 5; Doc. 40 at 3. Defendant USAA filed a motion to lift the stay and dismiss with prejudice Ms. Green's claims on November 4, 2025. Therefore, Defendant USAA has timely sought confirmation of the award in an appropriate court.

The Court construes Ms. Green's request to "strike" Defendant USAA's motion to dismiss as a motion to vacate the arbitration award, as Ms. Green bases her argument in rationale promulgated by Section 10 of the FAA. Specifically, she maintains that Defendant USAA's motion to dismiss should be "stricken" because the arbitration was procedurally unfair, as the Arbitrator engaged in "misconduct and

misbehavior" by issuing a protective order and entering an order granting summary judgment. Doc. 40. However, the record before the Court does not reflect an unfair arbitration proceeding. Instead, based on Ms. Green's failure to comply with the Scheduling Order's deadlines, the Arbitrator entered a protective order barring Ms. Green's untimely discovery and, thereafter, entered summary judgment based on the evidence at her disposal. *See* Doc. 43-1.

Because the arbitration proceeding was fair; the Arbitrator granted summary judgement in favor of Defendant USAA; and she dismissed Ms. Green's claims with prejudice, Defendant USAA's motion to dismiss is due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiff Darlene Green's Amended Motion to Lift Stay, Vacate Arbitration Award and Final Order (Doc. 41) is **DENIED**.
2. Defendant United Services Automobile Association's Motion to Lift Stay and Dismiss Lawsuit with Prejudice (Doc. 30) is **GRANTED**.
3. The stay of this action is lifted. The Clerk is directed to reopen this case.
4. The Arbitrator's Order dismissing Plaintiff's claims against Defendant with prejudice is confirmed.
5. This case is dismissed with prejudice.
6. The Clerk is further directed to terminate any pending motions and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties